# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN GLENN JACOBSON,

    Petitioner,

vs.

ROBERT LE GRAND, et al.,

    Respondents.

Case No. 3:12-cv-00407-LRH-WGC

**ORDER**

    Petitioner has paid the filing fee (#5). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct.

641, 653-54 (2012). <u>See also</u> Nev. R. App. P. 4(b). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. <u>Jefferson v. Budge</u>, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Id.</u> at 2562 (quoting <u>Pace</u>, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. <u>Stillman v. Lamarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a plea agreement, petitioner was convicted in state court of attempted lewdness with a minor under 14 years of age. The state district court entered its judgment of conviction on August 18, 2006. Petitioner did not appeal. Because the thirty-day period to appeal ended on a Sunday, the period was extended for a day, and the judgment became final on September 18, 2006. Nev. R. App. P. 4(b)(1)(A), 26(a)(3). On August 12, 2007, petitioner filed in state district court a motion to appeal his sentence. The state district court denied the motion on January 8, 2008.[1] On either December 1 or December 11, 2009, Petitioner filed in the state district court a habeas corpus petition.[2] The state district

---

[1] The court takes this information from documents attached to the notice of appeal in <u>Jacobson v. State</u>, No. 55869, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=23634 (report generated November 2, 2012).

[2] The documents noted above state that the petition was filed on December 11. The Nevada Supreme Court stated that the petition was filed on December 1. Ultimately, the ten-day discrepancy does not affect the timeliness of this action.
Petitioner states at page 1 of the petition that he filed his state habeas corpus petition on August 12, 2007. The documents in <u>Jacobson v. State</u> show that actually is the date petitioner filed his motion to appeal his sentence.

court denied the petition because it was untimely. Petitioner appealed. On September 29, 2010, the Nevada Supreme Court affirmed, holding that the petition was untimely. Remittitur issued on October 27, 2010. Petitioner mailed his federal habeas corpus petition to this court on August 1, 2012.

On its face, the petition is untimely. The one-year federal period of limitation started to run on September 19, 2006, after petitioner's judgment of conviction became final. The motion to appeal that petitioner filed in state district court had no effect upon the federal period of limitations, because the time to appeal the judgment of conviction had long since expired.[3] The state habeas corpus petition, filed in December 2009, did not toll the federal period of limitations pursuant to 28 U.S.C. § 2244(d)(2) because it was untimely. Pace, 544 U.S. at 417. No time has been tolled after the judgment of conviction became final. Petitioner mailed his federal habeas corpus petition to this court almost five years after the period of limitations has expired. Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why this action should not be dismissed as untimely. Failure to comply with this order will result in the dismissal of this action.

DATED this 5th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Nevada does not allow the extension of time to an direct appeal, with one exception. Nev. R. App. P. 26(b)(1)(A). That exception is when a state or federal court determines in post-conviction or habeas corpus proceedings that a person has been denied a direct appeal in a criminal case. Nev. R. App. P. 4(c). However, the post-conviction or habeas corpus petition itself would need to be timely for a court to make such a finding.

Petitioner does present a claim that he was denied a direct appeal, but first he needs to show cause for the untimeliness of this action before this court can reach the merits of the claim.