# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEAN GLENN JACOBSON,

    Petitioner,

vs.

ROBERT LE GRAND, et al.,

    Respondents.

Case No. 3:12-cv-00407-LRH-WGC

**ORDER**

    The court directed petitioner to show cause why the court should not dismiss this action as untimely. Order (#9). Petitioner has responded (#11). The court finds that petitioner has not shown good cause, and the court dismisses this action.

    To briefly restate the relevant facts, petitioner's judgment of conviction became final on September 18, 2006. On August 12, 2007, petitioner filed in state district court a motion to appeal his sentence. The state district court denied the motion on January 8, 2008. On either December 1 or December 11, 2009, petitioner filed in the state district court a habeas corpus petition. The state district court denied the petition because it was untimely. Petitioner appealed. On September 29, 2010, the Nevada Supreme Court affirmed, holding that the petition was untimely. Remittitur issued on October 27, 2010. Petitioner mailed his federal habeas corpus petition to this court on August 1, 2012.

    Petitioner presents five arguments for equitable tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  First, he states that he did not know about the prison's law library until about five months after he entered the custody of the Nevada Department of Corrections, in the spring of 2007.  Second, other inmates assaulted petitioner multiple times between the spring of 2007 through November or December 2007, and he suffered depression.  Third, petitioner is in pain from a spinal injury.  Fourth, petitioner is schizophrenic.  Fifth, petitioner was assaulted again in the summer of 2009, and prison officials disciplined him.[1]

Even if the court accepts all the above as true, petitioner was able to file a state habeas corpus petition in 2009.  Nothing stopped him from filing a parallel federal habeas corpus petition to protect his interests in this court.  See Pace, 544 U.S. at 416.  Moreover, petitioner waited almost two years after the conclusion of the state habeas corpus proceedings to file his federal habeas corpus petition.  Plaintiff does not address those two years in his showing of cause.  Under these circumstances, the court determines that equitable tolling is not warranted.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 13th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's fifth argument is the subject matter of a separate civil rights action, Jacobson v. Legrand, 3:12-cv-00404-LRH-VPC.